UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, | |
| Plaintiffs, | Case No. 06-cv-669-JPG |
| v. | |
| MICHAEL CLARK and ROBERT MOORE d/b/a C & M DRYWALL & PAINTING and C & M DRYWALL & PAINTING, INC., | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on plaintiffs' second motion for default judgment (Doc. 31).

**ANALYSIS**

The capacity of a partnership to sue or be sued is governed by the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Illinois, "A partnership may sue or be sued in the names of the partners as individuals doing business as the partnership, or in the firm name, or both." 735 ILCS 5/2-411. A cursory review of the complaint suggests that plaintiffs have chosen the first option, that is, they have named a now defunct partnership, C&M Drwyall & Painting, as a defendant in this case by suing "in the names of the partners as individuals doing business as the partnership." They have named a second defendant as well, C&M Drywall & Painting, Inc.

The Court's reading of the complaint is supported by the form of summonses: plaintiffs served separate summonses on "Michael Clark d/b/a C&M Drywall & Painting" and "Robert

Moore d/b/a C&M Drywall & Painting." On October 25, 2006, Michael Clark and Robert Moore, by their attorney, filed a joint answer, *twice* (Docs. 17, 18). The first paragraph of the answer reads as follows: Now Comes the Defendants, Michael Clark and Robert Moore . . . and for their Answer to the Complaint . . . ." The answer does not include any reference to the fact that plaintiffs have apparently named the partnership as a defendant, rather than Clark and Moore individually.

On March 26, 2007, plaintiffs requested entry of default against C&M Drywall & Painting (Partnership) and C&M Drywall & Painting, Inc. (Corporation). In this request, plaintiffs indicated that they served Michael Clark, Registered Agent of the Corporation and the Partnership on February 13, 2006. (Doc. 30 ¶3). The summons served on February 13, however, names only "C&M Drywall & Painting, Inc., c/o Mr. Michael Clark, Registered Agent"; it makes no mention of the Partnership. (Doc. 28). As the Court noted above, plaintiffs neither named C&M Drywall & Painting as a separate entity nor served it as one. For this reason, the Clerk of Court denied plaintiffs' requested default as to C&M Drywall & Painting. (Doc. 32). Because plaintiffs served C&M Drywall & Painting, Inc. and the Corporation did not answer, the Clerk defaulted the Corporation. (Doc. 33).

The same day they filed their request for entry of default, plaintiffs also moved for default judgment against both the Partnership and the Corporation. As the Clerk of Court declined to enter default as to the Partnership, the Court **DENIES** plaintiffs' request to enter a default judgment against it. After reviewing the complaint and the record in this case, the Court hereby **GRANTS** plaintiffs' motion for default judgment as to the Corporation.

In *Dundee Cement Co. v. Howard Pipe & Concrete Prod. Inc.*, 722 F.2d 1319, 1324 (7th Cir. 1983), the Court held, "where liability is joint and several, the entry of default judgment

against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved." Given that the Corporation incorporated May 19, 2005, and plaintiffs claim it assumed the liabilities of the Partnership, it appears that liability in this case is joint and several. Therefore, on the authority of *Dundee Cement Co.*, the Court declines to hold a hearing on damages until such time as the remaining claims this case are resolved.

## CONCLUSION

Plaintiffs' motion for default judgment (Doc. 31) is **GRANTED** with respect to the Corporation and **DENIED** with respect to the Partnership. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of this case.

**IT IS SO ORDERED**

**DATED: April 12, 2007**

    s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**